Per CuriaM.
 

 On the 17 th of November, in the year of our Lord 1796, the State of North Carolina granted to Stokely Donelson and William Terril, 1,000 acres of land. The sheriff of Roane reported January, 1810, to the County Court, “ the following tract of land, not having been given in as taxable property for the year hereinafter stated, and that the owner hath. no; personal property within the county, in which he can distress for the same, to wit: for the year 1809, Stokely Donelson, and William Terril, 1,000 acres, grant No. 258, issued the 7th of March, 1796.” The court
 
 *311
 
 then proceeded as follows: “ Therefore it is considered by the court, that a judgment be entered up against the said tract of land, for the taxes and charges due thereon. And that the said tract of land be sold, or so much thereof as will be sufficient for the payment of the said tax, costs, and charges on the first Monday of * April next, and the succeeding day, at the court-house in the town of Kingston, unless the same be previously paid, and it is ordered by the court, that the sheriff of Roane County carry this judgment into execution according to law.” A copy of the foregoing report, judgment, and order of sale was issued, on which is the following indorsement: “ Came to hand the 30th of January, 1810. J. Brown, sheriff.” One half of the grant, No. 258, originally granted to Stokely Donelson and William Terril, and reported in their names, sold for $11.471-, and Andrew Campbell, Esq., of Hawkins County, became the purchaser. J. B., sheriff of Roane County. 1st Monday in April, 1810.
 

 Afterwards a deed was executed by the sheriff to the purchaser. The title of Donelson came by mesne assignments to M’lver, before the 3d January, 1810. And he and Lusk on that day filed their claim in the land-office for a certificate, because a prior grant to Porter covered 800 acres of this land; which certificate issued on the 4th of April,' 1810.
 

 The County Court is not an inferior one, but is established, and its jurisdiction defined by the general law of the land, of which the judges are bound to take notice, and need not be stated in the pleadings.. 1 Saund. Rep. 74. And it is undeniable that an erroneous judgment of any court, whether of general or special jurisdiction, will not by reversal affect the vendee who purchased at an execution sale made under it, unless the court had not jurisdiction. In which case all are trespassers, the plaintiff, sheriff, and purchaser, and none of them are protected. The material question is, had the court in this instance jurisdiction ? It is to have jurisdiction where taxes are due upon lands within that county (1807, ch. 21, § 3), and have not been paid. Then there jurisdiction attaches like the case, 8 Term, 424, where the justices had power by act of Parliament to discharge insolvent debtors taking'the oath, &c., at a general quarter sessions, or the * general sessions, or an adjournment thereof. Their power did not accrue to them till there was such a session, not at an adjourned session
 
 *312
 
 after the act from a general quarter session, or general session before the act. So here the power of the court arises, when the taxes are due and not paid at the proper time. And so is the case decided in the Supreme Court between Carrol and Weaks, by White and OveRTON, Judges. Now here the proof is doubtful ás to the lands being or not within the county of Koane, at the time of the report, or prior thereto, in the year 1809. We must pre'sume in favor of the judgment that the lands were in the county : the contrary is not sufficiently established. But then another question arises. Are lands granted to one man, and covered by another prior grant to another, who holds them, liable to taxation ? Such
 
 lands
 
 are taxable by 1803, ch. 2, as are
 
 held
 
 by deed, grant, entry, right of dower, courtesy, or occupancy. Land
 
 not held
 
 are not liable. A claim or right to a duplicate or certificate is not land. Would it not be strange if my neighbor, having in his possession 100 acres of unlocated warrants, should not be taxed in respect of them, but that I, who have 640 located upon lands previously appropriated, and which I do not and never can hold, must pay a tax for them ? Lands cleared will yield a profit by rent; if not cleared, are of increasing value. Some part of the increase ought to be paid for the support of government; but where are the profits of the certificate for lost lands, or the claim to one ? especially if the claimant cannot obtain it, without much trouble, and riding backwards and forwards three or four hundred miles, and not without incurring much expense also. He who is the owner of the land by virtue of his previous grant, is much better able to pay it, and actually does pay it. Must the unfortunate subsequent grantee pay also for the same land ? Where there are divers grantees, must the State have divers sums paid, by way of tax for the same tract ? What for ? If the holder pay, * or if any one pay, that is all the law requires. And it is as much as in reason it should require. Such a claim or right does not answer the description of
 
 lands
 
 used in the law, and in the judgment and in the execution, which does not therefore authorize the sale by the sheriff.
 

 It is sufficient if the publication describe the lands by the date and number of the grant, though the owner’s name be not known. For seeing the lands advertised by the county, number of the grant, and date of it, the owner, whoever he may be, will know that he is
 
 *313
 
 called upon, and in respect of what lands. The law of 1803, ch. 2, § 2, is satisfied by either description. But if there be a judgment and no notice thereof given by process previously served, or by what is legally equivalent, a publication containing so much certainly as is before described, such judgment, we think, will be void, as one given without any previous notification would be. The report is in lieu of the declaration in common cases, the publication in lieu of process. These do not give jurisdiction, the court has it before; and although for errors in the judgment it be reversed, the vendee at the execution sale will be no more affected than by reversal in other cases for similar causes. As the complainant has gained nothing by his purchase, we need not speak of the act of limitations. This court will interfere because of the discovery prayed for, and the difficulty of proceeding at law. It is not for want of jurisdiction that we would dismiss the bill, but for the nullity of the plaintiff’s claim.
 
 Dismiss the hill with costs.
 

 Kote. As to the
 
 presumption in favor of the judgment of the County Court that the land lies in the county in which it is
 
 taxed, this case is overruled by
 
 Anderson
 
 v.
 
 Patton,
 
 1 Hum. 369;
 
 Anderson
 
 v.
 
 Williams,
 
 10 Yer. 234;
 
 Conrad
 
 v.
 
 Darden,
 
 4 Yer. 307. See
 
 McCarrol
 
 v.
 
 Weeks,
 
 5 Hay. 246; King’s Digest, 397, 3339, 3949, 3950, 11,535, 11,538, 11,539.